**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **MICHAEL SCOTT KELLER,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:18-CV-06430-LMA-MBN** |
| **V.** | **JUDGE LANCE M. AFRICK** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| **Defendant.** | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW INTO COURT, comes Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), and through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint (the "Complaint") filed by Michael Scott Keller ("Plaintiff"), and states as follows:

Liberty Life admits that Plaintiff is over eighteen years of age. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all remaining allegations contained in the introductory Paragraph of the Complaint.

I. Liberty Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Louisiana. Liberty Life denies all remaining allegations contained in Paragraph I of the Complaint.

II. Liberty Life admits that this Court has jurisdiction over this matter. Liberty Life admits that this action is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Liberty Life specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy

or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph II of the Complaint.

III. Liberty Life admits that it is legally authorized to do business in the State of Louisiana and that venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph III of the Complaint.

IV. Liberty Life admits that Plaintiff was, at certain times, employed by Ochsner Clinic Foundation ("Ochsner") and a participant in the long-term disability plan ("LTD Plan") sponsored by Ochsner. Liberty Life admits, upon information and belief, that Plaintiff was, at certain times, domiciled and employed by Ochsner in this district. Liberty Life denies all remaining allegations contained in Paragraph IV of the Complaint.

V. Liberty Life admits that Plaintiff was, at certain times, employed by Ochsner. Liberty Life denies all remaining allegations contained in Paragraph V of the Complaint.

VI. Liberty Life admits that Plaintiff was, at certain times, employed by Ochsner and a participant in the LTD Plan. Liberty Life admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number GF3-880-461332-01 (the "Policy") issued by Liberty Life to Ochsner. Liberty Life denies all remaining allegations contained in Paragraph VI of the Complaint.

VII. Liberty Life admits that it issued the Policy to Ochsner, which, at certain times, insured benefits from the LTD Plan to provide benefits to certain employees of Ochsner. Liberty Life admits that the LTD Plan is an ERISA Plan and that Plaintiff's claims are governed ERISA, but Liberty Life denies that Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph VII of the Complaint.

VIII. Liberty Life admits that Plaintiff's last day of work at Ochsner was February 12, 2015, and that Plaintiff made a claim for benefits from the LTD Plan under the Policy. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph VIII of the Complaint.

IX. Liberty Life admits that Plaintiff, at certain times, received benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph IX of the Complaint.

X. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph X of the Complaint.

XI. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XI of the Complaint.

XII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence

of its contents. Liberty Life denies all remaining allegations contained in Paragraph XII of the Complaint.

XIII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XIII of the Complaint.

XIV. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XIV of the Complaint.

XV. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XV of the Complaint.

XVI. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XVI of the Complaint.

XVII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XVII of the Complaint.

XVIII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XVIII of the Complaint.

XIX. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XIX of the Complaint.

XX. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XX of the Complaint.

XXI. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence

of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXI of the Complaint.

XXII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXII of the Complaint.

XXIII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXIII of the Complaint.

XXIV. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXIV of the Complaint.

XXV. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXV of the Complaint.

XXVI. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXVI of the Complaint.

XXVII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXVII of the Complaint.

XXVIII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXVIII of the Complaint.

XXIX. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXIX of the Complaint.

XXX. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best

evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXX of the Complaint.

XXXI. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXXI of the Complaint.

XXXII. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXXII of the Complaint.

XXXIII. Liberty Life admits that certain documents concerning Plaintiff's claim for Social Security Disability Benefits are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXXIII of the Complaint.

XXXIV. Liberty Life admits it sent a letter to Plaintiff dated July 12, 2017, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and "Any Occupation" as applicable to a participant's claim for benefits under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph XXXIV of the Complaint seek to interpret the provisions of the Policy,

Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph XXXIV of the Complaint.

XXXV. Liberty Life admits that it received a letter dated September 7, 2017, from Plaintiff's counsel, appealing of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph XXXV of the Complaint.

XXXVI. Liberty Life admits that it received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph XXXVI of the Complaint.

XXXVII. Liberty Life admits it sent a letter to Plaintiff dated November 30, 2017, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits. Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph XXXVII of the Complaint.

XXXVIII. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph XXXVIII of the Complaint.

XXXIX. Subject to Defendant's Motion to Partially Dismiss Plaintiff's Complaint filed concurrently with this Answer, Liberty Life denies the allegations contained in Paragraph XXXIX of the Complaint.

XL. Subject to Defendant's Motion to Partially Dismiss Plaintiff's Complaint filed concurrently with this Answer, Liberty Life denies the allegations contained in Paragraph XL of the Complaint.

No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

Liberty Life denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Liberty Life assert the following affirmative defenses:

### FIRST DEFENSE

To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**SECOND DEFENSE**

The Policy and plan document(s) at issue vested Liberty Life with the sole discretion to make benefit and eligibility determinations under the LTD Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and Liberty Life's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

**THIRD DEFENSE**

Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the LTD Plan.

**FOURTH DEFENSE**

Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

**FIFTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**SIXTH DEFENSE**

Based on the appropriateness of the denial and the lack of any improper conduct by Liberty Life, Liberty Life requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**SEVENTH DEFENSE**

This action is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Liberty Life denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

**EIGHTH DEFENSE**

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA.

**NINTH DEFENSE**

Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

**TENTH DEFENSE**

At all times material to the Complaint, Liberty Life acted in good faith and in compliance with the terms and conditions of the LTD Plan and discharged its duties with respect to the LTD Plan in the interest of the participants and beneficiaries.

**ELEVENTH DEFENSE**

A claimant's entitlement to future ERISA benefits under the terms of the LTD Plan is subject to an ongoing requirement for continued proof of disability throughout the period of

disability. Accordingly, Plaintiff cannot obtain a determination from this Court that he is entitled to indefinite future benefits. Plaintiff must continue to satisfy the terms of the LTD Plan.

**TWELFTH DEFENSE**

Liberty Life specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

WHEREFORE, having fully answered the Complaint, Liberty Life prays that this Court:

(1) Enters Judgment in its favor and dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2) Denies each and every demand and prayer for relief contained in Plaintiff's Complaint;

(3) Awards Liberty Life its reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 1132(g); and

(4) Awards Liberty Life such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ René E. Thorne*
René E. Thorne (LA Bar No. 22875)
thorner@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755

Facsimile: (504) 208-1759

- And -

*/s/ Iwana Rademaekers*
Iwana Rademaekers *(pro hac pending)*
Texas State Bar No. 16452560
iwana@rademaekerslaw.com
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, the above and foregoing Answer to Plaintiff's Complaint was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *René E. Thorne*
René E. Thorne