**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **MICHAEL SCOTT KELLER,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:18-CV-06430-LMA-MBN** |
| **V.** | **JUDGE LANCE M. AFRICK** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| **Defendant.** | |

**DEFENDANT' MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Liberty Life Assurance Company of Boston ("Liberty Life" or "Defendant") files this Motion to Partially Dismiss Plaintiff's Complaint:

## I. GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE

In Plaintiff's Complaint for Damages (the "Complaint"), Plaintiff seeks recovery of disability benefits from Defendant and also asserts state law causes of action of bad faith and violations of the La. Rev. Stat. 22:1821.[1] However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA"). The Complaint clearly contains a claim for recovery of disability benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).[2] Accordingly, the allegations pled in the Complaint in support of Plaintiff's

---

1 Complaint at ¶ XXXIX.

2 Complaint at ¶ XXXVIII.

state law causes of action, even if taken as true,[3] are insufficient to support the relief requested by Plaintiff. Therefore, these claims should be dismissed. Additionally, Plaintiff seeks "penalties equal to double the amount of the benefits due"[4] and compensatory damages[5] which are not recoverable under any provision of ERISA. Liberty Life's arguments are set forth in detail in its Memorandum in support of this Motion, which is filed herewith and incorporated herein.

## II.
## REQUEST FOR RELIEF

Liberty Life requests the Court: 1) grant Defendant's Motion to Partially Dismiss Plaintiff's Complaint; 2) dismiss Plaintiff's claims for bad faith and violation of LSA-R.S. 22:1821 (Paragraph XXXIX of the Complaint) with prejudice; 3) dismiss Plaintiff's claims for "penalties" and "compensatory damages" with prejudice; 4) award Liberty Life its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and 5) grant Liberty Life any other relief to which it shows itself justly entitled.

Respectfully submitted,

*<u>/s/ René E. Thorne</u>*
René E. Thorne (LA Bar No. 22875)
thorner@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

- And -

*<u>/s/ Iwana Rademaekers</u>*

---

[3] For the purposes of the Motion to Partially Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Defendants do not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

[4] Complaint at ¶ XXXIX.

[5] Complaint at ¶ XL.

Iwana Rademaekers *(pro hac pending)*
Texas State Bar No. 16452560
iwana@rademaekerslaw.com
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2018, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

*/s/ René E. Thorne*
René E. Thorne