**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **MICHAEL SCOTT KELLER,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:18-CV-06430-LMA-MBN** |
| **V.** | **JUDGE LANCE M. AFRICK** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| **Defendant.** | |

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Liberty Life Assurance Company of Boston ("Liberty Life" or "Defendant") files this Brief in Support of Its Motion to Partially Dismiss Plaintiff's Complaint:

## I. GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE

In Plaintiff's Complaint for Damages (the "Complaint"), Plaintiff seeks recovery of disability benefits from Defendant and also asserts state law causes of action of bad faith and violations of the La. Rev. Stat. 22:1821.[1] However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA"). The Complaint clearly contains a claim for recovery of disability benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).[2] Accordingly, the allegations pled in the Complaint in support of Plaintiff's

[1] Complaint at ¶ XXXIX.

[2] Complaint at ¶ XXXVIII.

state law causes of action, even if taken as true,[3] are insufficient to support the relief requested by Plaintiff. Therefore, these claims should be dismissed. Additionally, Plaintiff seeks "penalties equal to double the amount of the benefits due"[4] and compensatory damages[5] which are not recoverable under any provision of ERISA.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[6] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[7] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[8] Plaintiff has failed to meet this burden with regard to the state law causes of action and claims for recovery of compensatory damages and "penalties equal to double the amount of the benefits due", and these claims must be dismissed from this action.

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA.

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action.

---

3 For the purposes of the Motion to Partially Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Defendants do not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

4 Complaint at ¶ XXXIX.

5 Complaint at ¶ XL.

6 Fed. R. Civ. P. 12(b)(6).

7 E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

8 Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) (requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations) (citation omitted).

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Complaint and from the Policy that the disability plan at issue is an ERISA plan.[9] Further, the only conduct of Defendant about which Plaintiff complains in the Complaint is Liberty Life's denial of Plaintiff's disability benefits under the plan and the administration of his claim for benefits under the plan.[10] Therefore, it is clear that the Court must refer to the Policy issued by Liberty Life to Plaintiff's employer and the relevant plan documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. Epps v. NCNB Texas, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); Light v. Blue Cross and Blue Shield of Alabama, Inc., 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); Metroplex Infusion Care, Inc. v. Lone Star Container Corp., 855 F. Supp. 897, 900 (N.D. Tex. 1994); Hermann Hosp. v. MEBA Medical & Benefit Plan, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); Ramirez v. St. Anthony Hotel,

---

9 Complaint at ¶ VII and XXXVIII

10 Complaint at ¶¶ XXXIV and XXXVII-XL.

890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); Boren v. N.L. Industries, Inc., 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Specifically, statutes that are remedial in nature, such as LSA-R.S. 22:1821, are preempted by ERISA. Ellis v. Liberty Life Assur. Co. of Boston, 394 F.3d 262, 277-78 (5th Cir. 2004). Wright v. Louisiana Corrugated Products, LLC, 59 F.Supp.3d 767, 776 (W.D. La. 2014); Trahan v. Metropolitan Life Insurance Co., 2016 WL 3443658, at *7 (W.D. La., 2016) (collecting cases) ("[c]ourts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)") (copy attached).

Additionally, as reflected by the Complaint, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Complaint are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

### C. PLAINTIFF MAY NOT RECOVER ""PENALTIES" OR COMPENSATORY DAMAGES" FROM DEFENDANT UNDER ERISA.

In his Complaint, Plaintiff seeks recovery of "penalties equal to double the amount of the benefits due him" and "compensatory damages for his emotional distress."[11] It is black-letter law that Congress did not provide for compensatory, liquidated, or punitive damages as relief for ERISA claims for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn., 123 F.3d 281, 290 (5th Cir. 1997). As these cases establish, Plaintiff is not entitled to any form of "penalties equal to double the amount of the benefits due him" or other compensatory, liquidated, emotional, future, punitive or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under his ERISA-controlled plan. Accordingly, the Court should dismiss Plaintiff's claims for "penalties" and "compensatory damages" with prejudice.

## III.
## REQUEST FOR RELIEF

Liberty Life requests the Court: 1) grant Defendant's Motion to Partially Dismiss Plaintiff's Complaint; 2) dismiss Plaintiff's claims for bad faith and violation of LSA-R.S. 22:1821 (Paragraph XXXIX of the Complaint) with prejudice; 3) dismiss Plaintiff's claims for "penalties" and "compensatory damages" with prejudice; 4) award Liberty Life its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and 5) grant Liberty Life any other relief to which it shows itself justly entitled.

Respectfully submitted,

*/s/ René E. Thorne*

[11] Complaint at ¶¶ XXXIX and XL.

René E. Thorne (LA Bar No. 22875)
thorner@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

- And -

*/s/ Iwana Rademaekers*
Iwana Rademaekers *(pro hac pending)*
Texas State Bar No. 16452560
iwana@rademaekerslaw.com
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *René E. Thorne*
René E. Thorne