**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| MICHAEL SCOTT KELLER, | CIVIL ACTION NO. |
| Plaintiff, | 2:18-CV-06430-LMA-MBN |
| V. | JUDGE LANCE M. AFRICK |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | MAGISTRATE JUDGE MICHAEL B. NORTH |
| Defendant. | |

# STATUS REPORT

**(1) A listing of all the parties and counsel who represent the parties:**

Michael Scott Keller
represented by:
John A. Keller
Keller & Trahant, LLC
506 Water Street, Suite B
Madisonville, LA 70447
Telephone: (985) 845-0356

Liberty Life Assurance Company of Boston
represented by:
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
- And -

René E. Thorne (LA Bar No. 22875)
thorner@jacksonlewis.com
JACKSON LEWIS **P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755

**(2) A listing of any motions pending for decision in the case:**

None at this time.

**(3) The dates and times of any status conference, pretrial conference and trial set in the case:**

Status Conference: September 25, 2018 @ 11:00 am
Pretrial Conference: January 29, 2019 @ 9:00 am
Trial Setting: February 25, 2019 @ 8:30 am

Non-jury - 1 day is expected for the trial, although the case is likely to be resolved through summary judgment proceedings.

**(4) A brief description of the factual and legal issues underlying the dispute:**

Plaintiff brings his lawsuit pursuant to Section 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"), seeking benefits under a group long-term disability insurance policy issued by Liberty Life.

Plaintiff was a Central Supply Shift Team Lead for the Ochsner Clinic Foundation. ("Ochsner"), whose last day of worked was February 12, 2015. Plaintiff submitted a claim for benefits from the Ochsner Clinic Foundation Long Term Disability Plan, which benefits are insured by a Group Disability Income Policy ("Policy") issued by Liberty Life to Ochsner.

Plaintiff received benefits from the Plan from August 12, 2015, until August 11, 2017, when his benefits were terminated because he did not satisfy the Policy's definition of "disabled." During the first 24 months Plaintiff received benefits, to satisfy the definition, he must have been unable to perform his "own occupation," which was a medium duty level occupation. To be eligible to receive benefits thereafter, Plaintiff must have been unable to perform "any occupation," including sedentary duty level occupations. Benefits beyond August 11, 2017, were denied after Liberty Life received and reviewed updated medical records from Plaintiff's treatment providers, and determined that the administrative record did not contain documentation that Plaintiff's symptoms were of such severity that they resulted in physical restrictions and limitations rendering him unable to perform the duties of any occupation. Prior to making its decision, Liberty Life also obtained independent peer reviews by board-certified physicians of Plaintiff's clinical documentation. Plaintiff was advised of the termination via letter dated July 12, 2017. Plaintiff appealed the termination of these benefits, and Liberty Life upheld the termination on November 30, 2017.

Because the benefit policy at issue vests Liberty Life with discretionary authority to determine eligibility for benefits, Liberty Life's benefit determination relative to

Plaintiff will be reviewed according to an arbitrary and capricious standard of review. Under that standard, Liberty Life's decision can be reversed only if its decision was irrational and disconnected from the evidence in the record. Because Liberty Life's decision in this matter is supported by evidence in the record, its decision must be affirmed and Plaintiff's case dismissed with prejudice.

Liberty Life does not make a claim for damages against Plaintiff other than a claim for attorneys' fees under 29 U.S.C. § 1132(g). However, Liberty Life asserts that should the Court determine that Plaintiff is entitled to additional benefits under the policy, which is denied, Liberty Life is entitled to setoff against any such benefit award amounts received by Plaintiff from other income sources, including disability benefits from the Social Security Administration.

**(5) A listing of any discovery which remains to be done:**

Defendant has served the policy and the full claim file, including the administrative record, on Plaintiff's counsel. Because this is a claim for benefits under an ERISA policy, Liberty Life submits that no discovery is necessary or appropriate, and the action must be reviewed based on the administrative record.

To the extent that Plaintiff's complains about Liberty Life not interviewing Plaintiff or taking other investigative action with regard to his claim, Liberty Life had no affirmative duty to investigate in making its decision on Plaintiff's ERISA claim for LTD benefits under established Fifth Circuit precedent. If Plaintiff had information that it deemed relevant to his claim, it was his burden to provide that information to Liberty Life. As Judge Fallon has explained,

> If [Plaintiff] believed somatoform disorder caused his disabling condition, the burden was on [Plaintiff] to supply [Defendant] with evidence to prove that this condition signified a disabling condition in November 2011. The Fifth Circuit has routinely held that an administrator has no burden to "to 'reasonably investigate a claim.'" Truitt v. Unim Life Ins. Co. of America, 729 F.3d 497, 511 (5th Cir. 2013) (quoting Gooden v. Provident Life & Accident Ins. Co., 250 F.3d 331-33 (5th Cir. 2001)). Moreover, "[i]f the claimant has relevant information in his control, it is only inappropriate but inefficient to require the administrator to obtain that information in the absence of the claimant's active cooperation." Id. at 510 (quoting Vega, 188 F.3d at 298).

Bergeron v. Reliastar Life Ins. Co., No. 2:13-cv-06128, p. 31 (E.D. La. 2015) (copy attached).

**(6) A description of the status of any settlement negotiations:**

The parties are beginning discussions. The Parties have exchanged offers, but a resolution has not yet been reached.

Respectfully submitted this 18th day of September, 2018.

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

- And -

*/s/ René E. Thorne*
René E. Thorne (LA Bar No. 22875)
thorner@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2018, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers